UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUSTIN LEE MCCLENDON,
    Plaintiff,

vs.                                          Case No.:  3:22cv02188/MCR/ZCB

ESCAMBIA COUNTY
COMMISSIONER OFFICE,
    Defendant.
                                       /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). On February 8, 2023, the Court issued a case management and scheduling order (Doc. 22) and an order directing Plaintiff to respond to Defendant's motion to dismiss (Doc. 21). The Court sent both orders to Plaintiff at his record address, and they were returned as undeliverable. (Doc. 23).

The Clerk of Court found an institutional address for Plaintiff through the Florida Department of Corrections' inmate locator and forwarded the returned mail with a Notice of Returned Mail to that address. (Doc. 23-1). The Clerk reminded Plaintiff that he must maintain a current mailing address in this case and promptly notify the Court of any change by filing a Notice of Change of Address form. (*Id.*). The Clerk also notified Plaintiff that future returned mail would not be forwarded to

1

his FDOC or any other address unless he filed a Notice of Change of Address.  (*Id.*). Plaintiff did not respond.

On March 8, 2023, the Court issued an order directing Plaintiff to, within thirty days, file a notice of change of address to evidence his intention to proceed with his case. (Doc. 24).  The Clerk sent that order both to Plaintiff's record address and to Plaintiff's address on file with the Florida Department of Corrections' inmate locator website.  (*See id.*).  The Court notified Plaintiff that a failure to respond to the order would result in a recommendation that Plaintiff's case be dismissed.  (*Id.* at 2).

The deadline for compliance with the Court's March 8, 2023, order has passed, and Plaintiff has not responded or filed a change of address.  He also has not filed a response to Defendant's motion to dismiss as previously ordered.  (Doc. 21). Dismissal of the case without prejudice is an appropriate sanction for Plaintiff's non-compliance with the Court's order and for failing to provide a current mailing address.  *See* N.D. Fla. Loc. R. 41.1 (stating that the Court may "dismiss a claim, enter a default on a claim, [and] take other appropriate action" when a party fails to comply with a court order); *see also Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order resulted from the plaintiff's failure to keep the court apprised of his current address); *McDowell v. Ham*, No. 5:09cv31/MCR/MD, 2010 WL

2

1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing because the plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court and failure to keep the Court apprised of his current mailing address.

2. All pending motions be **DENIED** as moot.

At Pensacola, Florida, this 21st day of April 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

3